# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00178-COA

HOMER LEE RYLAND                                                                 APPELLANT

v.

REGIONS BANK                                                                        APPELLEE

DATE OF JUDGMENT:                01/27/2025
TRIAL JUDGE:                    HON. JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED:      CLAY COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         HOMER LEE RYLAND (PRO SE)
ATTORNEY FOR APPELLEE:          JASON BRYON TINGLE
NATURE OF THE CASE:             CIVIL - REAL PROPERTY
DISPOSITION:                    AFFIRMED - 04/28/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., EMFINGER AND LASSITTER ST. PÉ, JJ.**

**LASSITTER ST. PÉ, J., FOR THE COURT:**

¶1.     In January 2015, Homer Ryland and his wife Brandi obtained a loan from Regions Bank, which was secured by property on Hickory Ridge Drive in West Point. The Rylands later defaulted on the loan, and a non-judicial foreclosure followed, resulting in Regions' purchase of the property. The Rylands did not leave the property, and Regions filed an action for unlawful detainer in the Clay County Justice Court to force the Rylands to vacate. A judgment for possession of the property was entered in Regions' favor on July 31, 2024, and the Rylands were ordered to vacate the property within thirty days. On August 8, 2024, Ryland filed a notice of appeal from justice court to circuit court.

¶2.     Regions filed a motion to dismiss Ryland's appeal, arguing that the appeal was

untimely under Mississippi Code Annotated section 11-51-83 (Rev. 2019). Regions also argued that Ryland failed to post the bond as required under section 11-51-83. Following a hearing, the circuit court found that Ryland's appeal was untimely and dismissed it for a lack of jurisdiction.

¶3.     Ryland appealed, and for the reasons addressed below, we affirm the circuit court's dismissal.

## ANALYSIS

¶4.     "When reviewing jurisdiction questions, we apply a de novo standard of review." *Thompson v. AAA Cooper Transp.*, 345 So. 3d 1219, 1221 (¶7) (Miss. Ct. App. 2022). The circuit court dismissed Ryland's appeal for lack of jurisdiction after finding that Ryland failed to file his notice of appeal from justice court within five days of the justice court's judgment, as required by section 11-51-83. Section 11-51-83 provides that a party "aggrieved by the judgment . . . rendered in a case of unlawful entry and detainer, may, after final judgment, appeal to the circuit court of the county, within five days after the rendition of the judgment, by entering into bond with sufficient sureties . . . ." When a notice of appeal is not timely filed, "the appellate court simply does not have jurisdiction." *Thompson*, 345 So. 3d at 1222 (¶9).

¶5.     On July 31, 2024, the justice court entered judgment in Regions' favor on its complaint for unlawful detainer. Ryland filed his notice of appeal to circuit court on August 8, 2024, more than five days after the justice court's judgment. The circuit court properly

dismissed Ryland's appeal for a lack of jurisdiction. *See* Miss. Code Ann. § 11-51-83; *see also* RJC 27(a) ("Either party aggrieved by a justice court judgment rendered in a case of unlawful entry and detainer may, after final judgment, appeal to the circuit court of the county pursuant to section 11-51-83 of the Mississippi Code.").

¶6.     Although we affirm the circuit court, we also note that Ryland's brief does not comply with Rule 28(a) of the Mississippi Rules of Appellate Procedure. Specifically, Ryland's brief lacks a certificate of interested persons, tables, a statement of assignment, and a summary of the argument. *See* M.R.A.P. 28(2). Nor does the brief appear to contain any argument "with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." MRAP 28(a)(7). This "noncompliance alone serves as a procedural bar to our review." *Thompson*, 345 So. 3d at 1222 (¶11).

¶7.     We affirm the circuit court's dismissal of Ryland's appeal for lack of jurisdiction, as Ryland failed to timely file his notice of appeal pursuant to Mississippi Code Annotated section 11-51-83.

¶8.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR.**